## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 10-20008-JWL** |
| | ) | **11-02311-JWL** |
| JOSE JUAN PRECIADO-TELLO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## MEMORANDUM AND ORDER

Defendant Jose Juan Preciado-Tello pled guilty to illegal reentry by a removed alien pursuant to an agreement under Fed. R. Crim. P. 11(c)(1)(C) (doc. 20). He received a 36-month prison sentence. Mr. Preciado-Tello did not file a direct appeal. He has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (doc. 38). He claims that his attorney was ineffective for (1) "asking [him] about the sentence he wanted," instead of advising him "about the benefits and limitations" of a Rule 11(c)(1)(C) plea agreement, and (2) failing to request a continuance in light of pending amendments to the United States Sentencing Guidelines. In response (doc. 43), the government asks this court to enforce the plea agreement Mr. Preciado-Tello signed, which included a waiver of Mr. Preciado-Tello's right to challenge his sentence on collateral attack.

For the reasons set forth below, Mr. Preciado-Tello's § 2255 petition is denied in

part and dismissed in part.

## STANDARD

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96–7039, 1997WL8842, at *3 (10th Cir. Jan. 10, 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

## DISCUSSION

### 1. Enforcement of Plea Agreement

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004);

2

*United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *Cockerham*, 237 F.3d at 1181. The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

## A.   Scope of the Waiver

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Preciado-Tello waived his right to challenge his sentence through collateral attack states as follows:

> [D]efendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction or the components of the sentence to be imposed herein . . . . The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] . . . .

3

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Preciado-Tello clearly waived the right to challenge his attorney's performance in not requesting a continuance to await the outcome of pending amendments to the United States Sentencing Guidelines. This argument falls within the scope of the waiver. Mr. Preciado-Tello's other ineffective assistance claim arguably concerns the negotiation of the plea agreement, and thus falls under the *Cockerham* exception. The court discusses that claim more fully below.

## B.    *Knowing and Voluntary*

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors—whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 9 of Mr. Preciado-Tello's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's

4

conviction, or the components of the sentence to be imposed." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence"). In addition, during the Rule 11 colloquy, Mr. Preciado-Tello indicated that he entered his guilty plea freely and voluntarily and that no one induced him to plead guilty (doc. 47, at 28-29). Mr. Preciado-Tello was provided with a Spanish-speaking interpreter during the colloquy (*id.* at 3), and he makes no suggestion that he did not understand the court's questions.

Construing Mr. Preciado-Tello's § 2255 petition liberally, he seems to argue that his guilty plea was not knowingly and voluntarily made. He recites that "a lawyer who is not familiar with the facts and law relevant to his client's case" yields a guilty plea that cannot be knowing and voluntary (doc. 38, at 20) (citing *Rogers v. Maggio*, 714 F.2d 35 (5th Cir. 1983)). Mr. Preciado-Tello, however, does not assert that his attorney was not familiar with the facts and law relevant to his case, and his conclusory allegation is unsupported by the record. Thus, the court finds that Mr. Preciado-Tello's plea was voluntarily entered into without any impermissible inducement. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are

contentions that in the face of the record are wholly incredible.").

## C.   *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Mr. Preciado-Tello makes no suggestion that the court relied on an impermissible factor such as race, that his sentence exceeds the statutory maximum, or that the waiver is otherwise unlawful. He does, however, suggest that his attorney was ineffective in the context of negotiating the plea agreement, a situation expressly excluded from the waiver executed by him. *See Cockerham*, 237 F.3d at 1187 (Defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.). Although excluded from the waiver, Mr. Preciado-Tello nonetheless cannot establish that his attorney's performance was constitutionally deficient.

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish that his attorney's representation was deficient, measured against an objective standard of reasonableness. *See id.* at 687, 688. "In applying this test, [the court] give[s]

6

considerable deference to an attorney's strategic decisions and 'recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247–48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796–97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U .S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the

7

denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Mr. Preciado-Tello expresses frustration that the Rule 11(c)(1)(C) agreement into which he entered provided for a sentence of 36 months, whereas the Presentence Investigation Report prepared by the U.S. Probation Office provided for a Sentencing Guidelines range of 18 to 24 months. Mr. Preciado-Tello contends that his attorney was ineffective for "asking [him] about the sentence he wanted," instead of advising him "about the benefits and limitations" of a Rule 11(c)(1)(C) plea agreement. Specifically, he asserts that he "did not know the time that could be imposed for his crime of illegal reentry" nor that the Rule 11(c)(1)(C) agreement "was a binding agreement on the Court."

The record clearly demonstrates that Mr. Preciado-Tello was advised of the benefits and limitations of a Rule 11(c)(1)(C) plea agreement. During the Rule 11 colloquy, the court explained the statutory maximum sentence that could be imposed for the crime charged (doc. 47, at 15). The court then explained, at length, the sentencing procedures under a Rule 11(c)(1)(C) plea agreement (*id.* at 18-22). Specifically, Mr. Preciado-Tello was informed that the Probation Office would prepare a Presentence Investigation Report, that the report would yield an advisory sentencing guideline range, and, as part of the Rule 11(c)(1)(C) plea agreement, the parties did not request imposition of the  advisory guideline sentence (*id.* at 18-23). In addition, the court explained the "binding" nature of a Rule 11(c)(1)(C) plea agreement, stating:

[T]his offer to plead guilty is pursuant to a formal written plea agreement

8

under Federal Rule of Criminal Procedure 11(c)(1)(C), and I referred to that initially as a so-called binding plea agreement. What I mean by that, Mr. Preciado-Tello, is that the court, if it accepts your plea agreement, then is bound by whatever the provisions of that agreement are concerning various aspects of sentencing. As a result, what the court does in cases like this in which the offer to plead guilty is pursuant to an 11(c)(1)(C) plea is the court evaluates the offer to plead guilty to determine whether or not it is being made knowingly and voluntarily, and, if the court is satisfied, then it will accept your plea of guilty, but it will reserve the decision whether or not to accept your plea agreement until such time as the court has had the opportunity to review a Presentence Investigation Report in this case. The purpose of that is to satisfy itself that the agreement doesn't set a sentence that is so high or so low as to be totally outside the bounds of what reasonable people might think an appropriate sentence would be in this situation, in other words, that it just was contrary to the interests of justice to approve such a plea agreement

(*id.* at 12-13). The record clearly shows that Mr. Preciado-Tello was informed of the benefits and limitations of a Rule 11(c)(1)(C) plea agreement. Unable to demonstrate prejudice, Mr. Preciado-Tello cannot establish that his attorney was ineffective.

In addition, Mr. Preciado-Tello cannot establish that his attorney was ineffective for "asking [him] about the sentence he wanted." Although the thrust of this argument is unclear, Mr. Preciado-Tello seems to suggest that his attorney allowed him alone to determine the length of the sentence in the plea agreement. He provides no evidentiary support for this contention. The record shows that Mr. Preciado-Tello received a great benefit from pleading guilty. The plea agreement states that in return for the defendant's plea of guilty, the U.S. Attorney for the District of Kansas agreed not to file any additional charges arising out of the facts forming the basis of the indictment (doc. 20, at 4). Applying the strong presumption that counsel provided effective assistance,

*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000), and noting the benefit Mr. Preciado-Tello received in the plea agreement, the court cannot conclude that his attorney was ineffective for negotiating a Rule 11(c)(1)(C) plea agreement that included a sentence outside the advisory guideline range.

Without some finding that Mr. Preciado-Tello's attorney's performance was constitutionally deficient or that any alleged deficiency resulted in prejudice to Mr. Preciado-Tello, the court cannot find that enforcing the waiver would be a miscarriage of justice.

### D.    *Conclusion*

Having concluded that the waiver contained in Mr. Preciado-Tello's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court grants the government's request to enforce the waiver and dismisses Mr. Preciado-Tello's § 2255 petition.

### 2.    **Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004)

(quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  For the reasons stated above,
Mr. Preciado-Tello has not made a substantial showing of the denial of a constitutional
right. The court therefore denies a certificate of appealability.


**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Preciado-Tello's
Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (doc.
38) is denied with respect to his ineffective assistance in the negotiation of the plea
agreement claims and dismissed as to all other parts.


**IT IS SO ORDERED** this 22nd  day of September, 2011.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge